## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROBERT S. HOSTETLER,
               Plaintiff,

      v.                                   Case No. 2:05-CV-433
                                           JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Norah McCann King

THE UNITED STATES,
Ohio National Guard, et al.,
               Defendants.

### OPINION AND ORDER

This matter is before the Court on Motions to Dismiss filed by the United States (Doc. #5) and the Ohio National Guard (Doc. #12), as well as the Plaintiff's Motion for Protective Order and for Summary Judgment (Doc. #10). For the reasons that follow, the Defendants' motions are granted and the Plaintiff's motions are denied.

### I.

Plaintiff, Robert S. Hostetler ["Plaintiff"], brings this action challenging his denial of re-employment with the Ohio National Guard. Plaintiff is proceeding without the assistance of counsel. Plaintiff seeks relief under the Uniformed Services Employment and Reemployment Rights Act ["USERRA"], 38 U.S.C. § 4301, *et seq.* The Defendants in this action are the United States Office of Personnel Management and the Ohio National Guard. Plaintiff invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1331.

In his Complaint, Plaintiff states that he served as a "dual status Air Technician[1] (GS-09) since 1988 with the Ohio Air National Guard at the 179th Airlift Wing" in Mansfield Ohio. (*Complaint* at ¶ 6). Plaintiff alleges that, although he was selected for recall to extended active duty effective March 1, 1999, he was separated by the 179th Airlift Wing effective February 28, 1999. (*Id.* at ¶¶ 7-8). Plaintiff was allegedly given full restoration rights under USERRA on February 26, 1999. (*Id.* at ¶ 8).

Plaintiff was later assigned to active duty as the "Lead Education and Training Functional Analyst at HQs AFPC Randolph AFB, TX to represent the interests of the Air National Guard in a joint computer project fo the Air National Guard, Air Force Reserve, and the United States Air Force." (*Id.* at ¶ 9). While on active duty, Plaintiff developed a "chronic medical condition" and was discharged from active duty on September 30, 2002. (*Id.* at ¶ 10). Plaintiff claims that he "exercised his Restoration Rights to the State of Ohio Adjutant General on [August 14, 2002]." (*Id.*). Plaintiff was allegedly denied re-employment with the Ohio National Guard by letter dated August 28, 2002 and was advised to contact the Office of Personnel Management ["OPM"]. (*Id.* at ¶ 11). Plaintiff claims that OPM did not act on his application for re-employment. (*Id.* at ¶ 12). According to Plaintiff, the actions of the Ohio National Guard and OPM in denying him re-employment constitute a violation of USERRA.

---

[1]32 U.S.C. § 709 authorizes employment as a dual-status technician for the National Guard and Department of the Army or Department of the Air Force. The requirements for such employment are that the individual:
    (1) Be a military technician (dual status) as defined in section 10216(a) of title 10.
    (2) Be a member of the National Guard.
    (3) Hold the military grade specified by the Secretary concerned for that position.
    (4) While performing duties as a military technician (dual status), wear the uniform appropriate for the member's grade and component of the armed forces.

32 U.S.C. § 709(b).

The Defendants move to dismiss Plaintiff's claim for lack of subject matter jurisdiction. Plaintiff opposes the motion.

## II.

The Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. *Ohio National Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack to jurisdiction questions the sufficiency of the pleadings and is resolved using the familiar Rule 12(b)(6) standard; that is, the Court takes the material allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974). In contrast, with a factual attack to subject matter jurisdiction, there is no presumptive truthfulness to the allegations made by Plaintiff. In considering such a challenge, the Court must weigh the evidence to determine whether jurisdiction exists. *DXL, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). In this regard, the Court has wide discretion to allow affidavits, documents or even a limited evidentiary hearing to aid in resolving disputed jurisdictional facts. *Ohio National Life Ins. Co.*, 922 F.2d at 325. In this case, Defendants' motions to dismiss present a facial challenge to the Court's subject matter jurisdiction.

## III.

The Defendant Ohio National Guard, Adjutant General's Department, moves to dismiss Plaintiff's complaint on the basis that Plaintiff cannot sue a State employer for a violation of

3

USERRA.  Defendant relies on 38 U.S.C. § 4323, which outlines the enforcement of

employment and re-employment rights for members of the Uniformed Services with respect to a

State or private employer.  The statute provides, in relevant part:

> (a) Action for relief.--(1) A person who receives from the Secretary a notification
> pursuant to section 4322(e) of this title of an unsuccessful effort to resolve a
> complaint relating to a State (as an employer) or a private employer may request
> that the Secretary refer the complaint to the Attorney General. If the Attorney
> General is reasonably satisfied that the person on whose behalf the complaint is
> referred is entitled to the rights or benefits sought, the Attorney General may
> appear on behalf of, and act as attorney for, the person on whose behalf the
> complaint is submitted and commence an action for relief under this chapter for
> such person. In the case of such an action against a State (as an employer), the
> action shall be brought in the name of the United States as the plaintiff in the action.
>
> (2) A person may commence an action for relief with respect to a complaint
> against a State (as an employer) or a private employer if the person--
> (A) has chosen not to apply to the Secretary for assistance under section 4322(a)
> of this title;
> (B) has chosen not to request that the Secretary refer the complaint to the Attorney
> General under paragraph (1); or
> (C) has been refused representation by the Attorney General with respect to the
> complaint under such paragraph.
>
> (b) Jurisdiction.--(1) In the case of an action against a State (as an employer) or a
> private employer commenced by the United States, the district courts of the
> United States shall have jurisdiction over the action.
> (2) In the case of an action against a State (as an employer) by a person, the action
> may be brought in a State court of competent jurisdiction in accordance with the
> laws of the State.
> (3) In the case of an action against a private employer by a person, the district
> courts of the United States shall have jurisdiction of the action.

38 U.S.C. § 4323.

Federal courts are courts of limited jurisdiction and may exercise only those powers

authorized by the Constitution and federal statute.  *Kokkkonen v. Guardian Life Ins. Co. of

America*, 511 U.S. 375, 377 (1994).  As provided by Congress in the foregoing statute, this Court

has jurisdiction to consider the rights of employment and reemployment under USERRA against a State employer only in actions commenced by the United States. Accordingly, this Court is without jurisdiction to consider Plaintiff's individual claim against the State of Ohio National Guard Adjutant General's Department. The Defendant Ohio National Guard's motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction is meritorious.

The Defendant United States Office of Personnel Management also contends that this Court is without jurisdiction to consider Plaintiff's USERRA claim. The Defendant contends that it cannot be sued by an individual in federal court unless there is explicit Congressional consent to the claim. The United States' argument is premised on the doctrine of sovereign immunity.

Under the doctrine of sovereign immunity, the United States "as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). According to the Defendant United States Office of Personnel Management, there is no waiver of immunity contained in the statutory text of USERRA. This point is well-taken. In fact, as set forth above, USERRA authorizes suits to be brought <u>by</u> the United States in certain instances. There is, however, no indication that the United States has waived immunity so that it could be a defendant to Plaintiff's claim in this Court.

Moreover, as the Defendant Office of Personnel Management points out, it did not employ the Plaintiff. Rather, as an Ohio Air National Guard member, Plaintiff's employer was

the Adjutant General of the State of Ohio[2].  For these reasons, the Court finds the United States

Office of Personnel Management's motion to dismiss for lack of subject matter jurisdiction well-

taken.

Plaintiff has filed a Motion for Protective Order and for Summary Judgment.  Since this

Court is without jurisdiction over Plaintiff's claims, the Court has no basis to consider the

motions filed by Plaintiff[3].  The Plaintiff's motions are denied.


## IV.

In light of the foregoing, the Defendants' Motions to Dismiss (**Doc. #5** and **Doc. #12**) are

**GRANTED**.  The Plaintiff's Motions for Protective Order and for Summary Judgment (**Doc.**

**#10**) are **DENIED**.  The Clerk is **DIRECTED** to close this case.


**IT IS SO ORDERED.**


10 - 31 - 2005
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2]38 U.S.C. § 4303(4)(B) provides that, "[i]n the case of a National Guard technician employed under section 709 of title 32, the term "employer" means the adjutant general of the State in which the technician is employed.

[3]The Court notes that, in moving for a protective order, Plaintiff purports to assert a claim under the Privacy Act of 1974, 5 U.S.C. § 552a.  According to Plaintiff, the Defendants' alleged disclosure of his social security number, on Exhibit C attached to the United States' motion to dismiss, exposes him to the potential of identity theft.  In reviewing Exhibit C, the Court notes that the box marked for social security number is blank.  In any event, Plaintiff's allegation falls short of a colorable claim for violation of the Privacy Act.  *See Cardamone v. Cohen*, 241 F.3d 520 (6th Cir. 2001).